Roy R. Romer State Treasurer State Capitol Denver, Colorado 80203
Dear Mr. Romer:
I am writing in response to a letter from Dick R. Murphy, director of treasury operations. That letter requests an opinion concerning practices of the treasury department which have been questioned in the pre-release copy of the state auditor's report on the treasury department for the fiscal year 1978 (the "audit report"). This letter considers the authority of the state treasurer to issue checks for emergency disbursements and to transfer state moneys to agency bank accounts by wire. Other questions raised in Mr. Murphy's letter are the subject of other opinion letters.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Mr. Murphy's letter asks whether statutory authority exists for the treasurer to make emergency payments by treasurer's check as requested by the state controller's office.
2. He also asks for advice on the authority of the treasurer to issue checks for payment of wire transfers of money to agency bank accounts.
 It is my opinion that the treasurer does have authority to issue checks to disburse money from the state treasury for those purposes.
ANALYSIS
The audit report states that the treasurer writes checks as requested by the state controller to make disbursements to state agencies faster than the normal time required to issue a state warrant. The audit report states that such payment requests do not contain the written authorization of appropriate agency personnel. The audit report further states that checks are written for payment of wire transfers of moneys to bank accounts of state agencies. The audit report questions whether the treasurer is authorized to write checks for those purposes.
C.R.S. 1973, 24-36-104 directs that all moneys received by the treasury department shall be deposited in banks doing business in Colorado. That section further provides that "withdrawals therefrom shall be made by checks or drafts drawn and signed in such manner as the state treasurer shall direct." Consequently the treasurer has general statutory authority to withdraw state funds from depository banks by issuing checks, so long as the disbursement is authorized by law.
As a general rule, no disbursement may be made in payment of a liability incurred on behalf of the state, unless a commitment voucher has previously been filed with the division of accounts and control. Art. V, § 33, Colorado Constitution; C.R.S. 1973, 24-30-202(1). Restrictions on disbursement of moneys from the state treasury are further set out in C.R.S. 1973,24-30-202(5)(a) (Supp. 1979) as follows:
 No money of the state or for which the state is responsible shall be withdrawn from the treasury or otherwise disbursed for any purpose except to pay obligations under expenditures authorized by appropriation and allotment and not in excess of the amount so authorized. Each such expenditure shall have been authorized by the head of the department, institution, or other agency by or for which the expenditure was made. Such authorization shall contain the manual or facsimile signature of the head of the department, institution, or agency or any assistant designated by him. The controller, or his authorized agent, shall have approved a commitment voucher therefor, and a claim on a prescribed form shall have been submitted to and approved by the controller or his agent. The provisions of this section shall not be construed to apply to withdrawals of funds from any state depository bank for immediate redeposit in any other state depository bank or for investment.
It is, therefore, the controller who properly decides if a disbursement should be made to pay a liability incurred by a state agency, and the controller's approval is all that is necessary to require the treasurer to disburse payment.
The signature of the controller on a warrant constitutes "full and complete authority to the state treasurer to pay the amount of the warrant upon presentation to him." C.R.S. 1973, 24-30-202(7). Consequently a signed warrant is the best authority for the treasurer to disburse state moneys. However, where a commitment voucher has in fact been approved by the controller but time does not permit preparation of a warrant before the moneys are disbursed, the treasurer may, at the direction of the controller, properly disburse moneys by issuing checks on state depository bank accounts.
The audit report is unclear when it states that emergency payment requests "do not contain the written authorization of appropriate agency personnel." According to John Thach of the Accounting Division, Department of Treasury, checks are issued only upon written authorization by the Division of Accounts and Control. It is the controller, not the treasurer, who is responsible for obtaining a commitment voucher from the agency receiving payment.
C.R.S. 1973, 24-36-103(2) (Supp. 1979), permits a state department, institution, or agency to deposit certain moneys of a trust or quasi-trust nature in bank accounts with the written approval of the state controller and the state treasurer. That provision is an exception to the general rule that all state moneys accruing to the state must be transmitted to the treasurer. C.R.S. 1973, 24-36-103(1). The general authority of the treasurer to write checks making withdrawals from depositories is applicable and permits the use of checks to pay for wire transfers of money to agency bank accounts, which accounts have been approved by the controller and treasurer. The controller must authorize such disbursement. Of course, the requirement of a warrant signed by the controller provides the greatest protection against improper disbursements by the treasurer.
SUMMARY
It is therefore my opinion that the treasurer may properly issue checks to pay for emergency disbursements approved by the controller and to pay for wire transfers of money to approved agency bank accounts. If you have additional questions concerning this matter, please do not hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE PUBLIC FUNDS WARRANTS
C.R.S. 1973, 24-36-104
C.R.S. 1973, 24-30-202(1), (5)(a), (7) C.R.S. 1973, 24-36-103(2)
Colo. Const. art. V, § 33
LEGISLATIVE BRANCH Auditor, Office of State TREASURY, DEPT. OF All Other Areas ADMINISTRATION, DEPT. OF Accounts Control Div. of
The state treasurer is authorized to issue checks to make emergency disbursements to state agencies. Such checks may be issued where the disbursement has been approved by the state controller.